## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

Eveliss Rodriguez Fernandez, et al.,
  Plaintiffs,

v.                                                          Civil No. 04-1397(HL)

Urban Transit Solutions, Inc., et al.,
  Defendants.

## ORDER

Before the Court is co-defendant Urban Transit Solutions, Inc.'s ("UTS") motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.[1] Fed.R.Civ.P. 55(c).  Plaintiffs filed an objection to said motion[2] and UTS filed a reply[3] to plaintiffs' opposition.  For the reasons set forth below, co-defendant Urban Transit Solutions, Inc.'s motion to set aside entry of default is hereby **DENIED**.

Under Rule 55(c), a court may set aside an entry of default "for good cause." *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir.2004).  This is a "mutable standard, varying from situation to situation." *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 503 (1st Cir.1996).  Among the factors that a court may consider in assessing "good cause" under Rule 55(c) are whether: (1) the default was wilful; (2) a set-aside would prejudice

---

[1] *See* docket no. 17.  The present action is brought against defendants Urban Transit Solutions, Inc. and José L. Fernandez, a former employee of Urban Transit Solutions, Inc.  Both defendants were entered in default on May 26, 2005.  To date, co-defendant José L. Fernandez has not made an appearance.

[2] *See* docket no. 18.

[3] *See* docket no. 19.

plaintiff; (3) a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion.[4] *Id.* (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989)); *see also $23,000 in U.S. Currency*, 356 F.3d at 164*; Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir.2004). The determination of whether "good cause" has been shown is generally left to the discretion of the trial court. *See Coon*, 867 F.2d at 75; *Brand Scaffold Builders, Inc. v. Puerto Rico Elec. Power Authority*, 364 F.Supp.2d 50, 53 (D.P.R. 2005)(citing *McKinnon*, 83 F.3d at 502; *Maine Nat'l Bank v. F/V Explorer*, 833 F.2d 375, 378 (1st Cir.1987)).

In the present case, the original complaint was filed on May 5, 2004. On July 19, 2004, defendant UTS requested a motion for extension of time to answer to the complaint. The Clerk of the Court granted UTS until August 18, 2004, to answer or otherwise plead to the complaint.[5] On August 23, 2004, without requesting an additional extension of time from the Court, UTS filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). Fed.R.Civ.P. 12(e). Plaintiffs requested an extension of time to respond to the motion for a more definite statement, but failed to file any opposition. On March 3, 2005, the Court granted UTS' unopposed motion for a more definite statement and ordered plaintiffs to file an amended complaint by March 31, 2005.

On March 24, 2005, plaintiffs filed an amended complaint. Defendants subsequently

---

[4] A district court need not consider each of the factors in determining whether a defendant has established the requisite showing of "good cause" under Rule 55(c). *See KPS & Assocs., Inc. v. Designs By FMC, Inc.,* 318 F.3d 1, 12 (1st Cir.2003).

[5] *See* D.P.R. L.Civ.R. 77.1(d)(2) (providing that the Clerk of Court may issue orders granting a first extension of time not to exceed thirty (30) days without further direction of the Court.)

failed to timely answer the amended complaint or to request an extension of time.  On May 10, 2005, plaintiffs filed a motion requesting the Court to order defendants to answer the amended complaint.  On May 25, 2005, the Court noting plaintiffs' request for order, ordered the Clerk of the Court to enter defendants in default.  Defendants were entered in default on May 26, 2005.  Approximately one month later, on June 22, 2005, the Court scheduled a hearing on damages for the following month.  On July 6, 2005, eighty-five (85) days after defendants' answer to the amended complaint was *due* and forty-one (41) days after defendants were entered into default, co-defendant UTS filed a motion to set aside entry of default.  UTS' justification for failing to timely answer the amended complaint is that it had been difficult for UTS to surmise the events giving rise to the present action because  the majority of the allegations in the amended complaint are directed at acts allegedly executed by co-defendant José L. Fernandez, a former employee who no longer works for UTS.  UTS further avers  that it has not been able to contact co-defendant Fernandez and that no documents related to any type of internal complaint against Fernandez are available or in existence.

The Court finds that defendant UTS has failed to establish good cause for relief from default for several reasons.  First, the facts militate in favor of the conclusion that UTS' default was willful. *See Mach v. Florida Casino Cruise, Inc.*, 187 F.R.D. 15 (D.Mass. 1999)(finding default was wilful when there was no evidence that defendant did not receive the amended complaint.)  UTS was properly served with summons and timely received copies of the original complaint and amended complaint.  In fact, the amended complaint was filed as a direct result of UTS' own motion for a more definite statement.  UTS was well aware of the pending litigation in the case, but chose to wait one hundred and five (105) days to answer the amended complaint.  If UTS required additional time to answer the amended complaint, it should have

4

simply requested an enlargement of time from the Court, as it had previously done in reference to the original complaint. *See $23,000 in U.S. Currency*, 356 F.3d at 164 (stating the primary relevant factors for a determination of good cause under Rule 55(c) are "whether (1) the default was wilful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious."); *see also  KPS & Assocs., Inc. v. Designs By FMC, Inc.,* 318 F.3d 1, 12 (1st Cir.2003)*; Conetta v. Nat'l Hair Care Ctrs.*, 236 F.3d 67, 75 (1st Cir.2001).

Second, UTS' proffered reasons for its failure to answer the amended complaint are insufficient and do not amount to good cause under Rule 55.  The fact that it may be difficult to surmise the events that give rise to the action because a co-defendant no longer works for the company, could not be contacted, and because no documents could be located which relate to an internal grievance procedure against co-defendant, does not justify a hundred and five (105) day delay in answering the amended complaint.  Moreover, as discussed above, UTS could have easily requested an extension of time to plead.  Further, UTS does  not even attempt to present any meritorious defense to the claims against them. *See $23,000 in U.S. Currency*, 356 F.3d at 164*; see also Federal Deposit Ins. Corp. v. Francisco Inv. Corp.*, 873 F.2d 474, 479 (1st Cir.1989).

Third, UTS did not promptly move to set aside its entry in default.  Rather, UTS waited forty-one (41) days to file a motion requesting set aside of the entry of default.  There is no indication in the record that UTS did not timely receive notification of its entry in default, and UTS does not provide any justification for its delay in challenging the default entry.  Fourth, setting aside the entry of default would prejudice the plaintiffs.  UTS' failure to answer the amended complaint has resulted in a significant delay in the proceedings and has posed undue hardship on plaintiffs who despite their good faith efforts, have been unable to proceed with

discovery.  UTS has not filed interrogatories or conducted any other form of discovery. Through their inaction, UTS has disregarded its obligations to the Court and the opposing party. *See KPS & Assocs., Inc.,* 318 F.3d at 12 (quoting *Federal Deposit Ins. Corp.,* 873 F.2d at 479). (In determining whether plaintiffs are prejudiced by default, the issue is not merely delay, but the accompanying dangers such as increased difficulties in conducting discovery. *Id.*)).   Finally, as UTS has repeatedly failed, throughout the pendency of this action,  to demonstrate diligence in adhering to the deadlines set forth by the Court, the Federal Rules of Civil Procedure, and this jurisdiction's Local Rules, the Court concludes that UTS has not acted in good faith.  *See McKinnon*, 83 F.3d at 503; *see also Riofrio Anda v. Ralston Purina, Co.,* 959 F.2d 1149, 1154-55 (1st Cir.1992) (denial of motion to amend complaint because plaintiff moved to amend the complaint two months after deadline in the scheduling order had passed)*; Barreto v. Citibank, N.A.,* 907 F.2d 15, 16 (1st Cir.1990) ("discovery orders, other pre-trial orders, and indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation").

In sum, even viewed with a large measure of indulgence, the Court cannot conclude that UTS has shown "good cause" for relief from default under Rule 55(c) of the Federal Rules of Civil Procedure.  Accordingly, Urban Transit Solution, Inc.'s motion to set aside entry of default is hereby **DENIED.**


**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 19, 2005.


S/ HECTOR M. LAFFITTE
United States District Judge