**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Eveliss Rodriguez Fernandez, et al.,<br>    Plaintiffs,<br><br>v.<br><br>Urban Transit Solutions, Inc., et al.,<br>    Defendants. | Civil No. 04-1397(HL) |

**ORDER**

Before the Court is defendant Urban Transit Solutions, Inc.'s ("UTS") motion for reconsideration[1] of the Court's Order[2] denying defendant's motion to set aside default entry. UTS seeks reconsideration on the following three grounds: (1) UTS's default was not wilful; (2) setting aside UTS' default will not prejudice plaintiffs; and (3) UTS has meritorious defenses. After reviewing the present motion and the record in its entirety, the Court is unpersuaded that UTS has established "good cause" for relief from default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 55(c). Accordingly, defendant UTS' motion for reconsideration is **denied**.

As discussed in more detail in the Court's Order dated July 19, 2005,[3] UTS' default was clearly willful. Although UTS (1) was properly served with summons; (2) timely received copies of the original complaint, amended complaint, plaintiffs' motion requesting an order

---

[1] *See* docket no. 24.

[2] *See* docket no. 22.

[3] *Id.*

that defendant answer the amended complaint, and the Clerk's entry of default; and, (3) was in all respects well aware of the pending litigation in the case, UTS chose to wait one hundred and five (105) days to answer the amended complaint and forty-one (41) days to oppose the Clerk's entry of default. Despite the continuing litigation in this case and without presenting any good explanation, UTS elected to take the "Rip Van Winkle strategy" to this litigation, remaining quiescent for approximately ten and a half months. *See Mach v. Florida Casino Cruise, Inc.*, 187 F.R.D. 15 (D.Mass. 1999) (finding default was wilful when there was no evidence that defendant did not receive the amended complaint.). *See also, Puleio v. Vose*, 830 F.2d 1197, 1203 (1st Cir.1987) ("The law ministers to the vigilant not to those who sleep upon perceptible rights."). Additionally, if UTS required additional time to answer the amended complaint, it should have simply requested an enlargement of time from the Court. *See Dimmitt v. Ockenfels,* 407 F.3d. 21, 24 (1st Cir.2005).

UTS argues that setting aside the default entry will not prejudice plaintiffs because (1) plaintiffs did not oppose defendants' Rule 12(e) motion for a more definite statement, and (2) any prejudice to plaintiff in conducting discovery is attributable to plaintiffs' own inaction. Fed.R.Civ.P. 12(e). These arguments are wholly without merit. Plaintiffs' were under no obligation to file a response to defendants Rule 12(e) motion. While conversely, defendants were obligated under the Federal Rules of Civil Procedure, this jurisdiction's Local Rules – as well as under a duty to this Court and opposing counsel – to timely answer the amended complaint. *See* Fed.R.Civ.P. 12(a)(1)(A). Moreover, unlike defendants, plaintiffs have been sufficiently diligent throughout the pendency of this litigation. For instance, on May 10, 2005, plaintiffs requested that defendant UTS be ordered to answer the amended complaint in order

to permit discovery to commence.[4] Although defendant UTS was undeniably aware at that point (if not before) that their failure to answer the amended complaint was preventing plaintiffs from conducting discovery, defendants waited an additional fifty-eight (58) days to tender an answer to the amended complaint. It is unequivocal that defendants failure to answer the complaint has resulted in a significant delay in the proceedings and has posed undue hardship on plaintiffs who despite their good faith efforts, have been unable to proceed with discovery. As such, setting aside UTS' entry of default would further prejudice plaintiffs. *See See KPS & Assocs., Inc. v. Designs By FMC, Inc.,* 318 F.3d 1, 12 (1st Cir.2003) (quoting *Federal Deposit Ins. Corp. v. Francisco Inv. Corp.,* 873 F.2d 474, 479 (1st Cir.1989)).

Defendant UTS' final argument is that it has meritorious defenses. Namely, that the filing of the present suit was the first notice that UTS ever had of sexual harassment and that plaintiff Evelisse Rodriguez Fernandez had a close relationship with co-defendant José Luis Fernandez. UTS admits that these defenses were known at the time that it submitted its motion to set aside entry of default. However, these defenses were not sufficiently presented in said motion. Mere conclusory statements that a defense exists are insufficient to demonstrate the existence of meritorious defense as a factor favoring setting aside default. *See Maine Nat'l Bank v. F/V Cecily B.*, 116 F.R.D. 66, 68-69 (D.Me. 1987) (citing *See* Wright, et al., *Federal Practice & Procedure* § 2697). In its motion for reconsideration, UTS provides no explanation why it failed to articulate these defenses in their motion to set aside default. Further, UTS' assertion that it did not know of sexual harassment allegations is belied by the amended complaint which specifies that plaintiff filed a charge of discrimination with the EEOC on

---

[4] *See* docket no. 13.

August 18, 2003, that the parties' engaged in settlement efforts, and that the EEOC issued plaintiff a notice of right to sue on March 30, 2004.[5] Finally, UTS' defense that Evelisse Rodriguez Fernandez had a close relationship with co-defendant José Luis Fernandez was untimely raised and does not establish "good cause" for relief from default under Rule 55(c). *See id.*

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 26, 2005.

S/ HECTOR M. LAFFITTE
United States District Judge

---

[5] *See* docket no. 10.